IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PAUL THOMAS SHAW | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-442 |
| ANN PICKLE | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Paul Thomas Shaw, a prisoner confined at the Jasper County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against District Attorney Ann Pickle.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff alleges he was charged with a felony offense for family violence in June of 2018. Plaintiff states that he bonded out of jail several times, but he was returned to custody each time. Plaintiff claims he has been represented by three attorneys, but none of them have attempted to resolve the charge. Plaintiff alleges he filed motions to dismiss and for a speedy trial on March 22, 2022, but the judge has not ruled on the motions. Plaintiff contends that Defendant denied him due process by failing to offer Plaintiff a plea agreement or to resolve the criminal case.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v.*

*Toledo*, 446 U.S. 635, 640 (1980)*; Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002).

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Plaintiff has sued the Jasper County District Attorney who is prosecuting the criminal case against him.  Prosecutors are absolutely immune from liability under § 1983 for their conduct associated with initiating a prosecution and presenting the state's case because that conduct is closely associated with the judicial phase of the criminal process. *Imbler v. Patchman*, 424 U.S. 409, 430-31 (1976); *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003); *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991), *cert. denied*, 504 U.S. 965 (1992).  Prosecutors are not entitled to absolute immunity when performing administrative or investigative functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  However, prosecutors enjoy absolute immunity when acting in their role as advocates for the state, including actions taken before the initiation of a prosecution and away from the courtroom. *Buckley*, 509 U.S. at 273; *Cousin*, 325 F.3d at 632*.*  Prosecutorial immunity is not defeated by showing that the prosecutor acted wrongfully or even maliciously. *Imbler*, 424 U.S. at 427 n. 27; *see also Cousin*, 325 F.3d at 635 (holding that the suppression of significant exculpatory evidence is shielded by absolute immunity); *Graves v. Hampton*, 1 F.3d 315, 318 n. 9 (5th Cir. 1993) ("A prosecutor is immune, however, even if accused of knowingly using perjured testimony."); *Brummett*, 946 F.2d at 1181 (concluding that prosecutors are absolutely immune from a § 1983 suit predicated on malicious prosecution).

Plaintiff has not shown that the actions of which he complains were taken outside Defendant's role as an advocate for the state or that the actions were not central to the task of initiating a prosecution. Therefore, Defendant's actions are protected by the doctrine of prosecutorial immunity.

Recommendation

This civil rights action should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge